UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ATLANTIC CASUALTY INSURANCE
COMPANY,

            Plaintiff,

  -against-

NORTHWAY POOL SERVICE, INC.,
PHILIP SIEMANN, JACUZZI SPAS
INTERNATIONAL and PATRICIA CASEY,
as Executrix of THE ESTATE OF JOSEPH P.
CASEY,

            Defendants.
--------------------------------------------------------

Civil Action No.: **CV 07 4590**

**COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 02 2007 ★
BROOKLYN OFFICE

Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty"), by its attorneys, MILBER, MAKRIS PLOUSADIS & SEIDEN, LLP, as and for its Complaint against defendants, alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for a declaration of rights under an insurance policy in connection with an underlying lawsuit.

2. Atlantic Casualty is a North Carolina corporation with its principal place of business in North Carolina.

3. Atlantic Casualty transacts business in the State of New York.

4. Upon information and belief, Northway Pool Service, Inc. ("Northway") maintains a business location at 11 Patton Road, St. James, New York 11780 in the County of Suffolk, State of New York

5. Upon information and belief, Philip Siemann ("Siemann") resides at 11 Patton Road, St. James, New York 11780 in the County of Suffolk, State of New York

6. Upon information and belief, Siemann does business at 11 Patton Road, St. James, New York 11780 in the County of Suffolk, State of New York

7. Upon information and belief, Siemann is the sole owner of Northway.

8. Upon information and belief, Siemann is the sole employee of Northway.

9. Upon information and belief, Patricia Casey, executrix of the Estate of Joseph Casey ("Casey"), is a resident of the County of Suffolk, State of New York.

10. Venue is appropriate in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## THE ATLANTIC CASUALTY POLICY

11. Atlantic Casualty issued policy number L035004809 to Northway with effective dates from February 1, 2006 to February 1, 2007 (the "Atlantic Casualty Policy").

5. The Atlantic Casualty Policy contains certain conditions to coverage, including the following:

### SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the 'occurrence' or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

2

   (3) The nature and location of any injury or damage arising out of the 'occurrence' or offense.

 b. If a claim is made or 'suit' is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or 'suit' and the date received; and

   (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

 c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';

   (2) Authorize us to obtain records and other information;

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and

   (4) Assist us upon our request in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

### THE INCIDENT/THE UNDERLYING LAWSUIT

12. On or about August 7, 2007, Atlantic Casualty was notified of a lawsuit brought by Casey against Northway and Siemann (sued therein as "Philip Seimann") ("the Underlying Lawsuit").

13. In the Underlying Lawsuit, it is alleged that Northway and/or Siemann performed negligent repair work to a hot tub, causing Joseph P. Casey to suffer "serious physical injury leading to his death" (the "Incident").

14. The notice provided to Atlantic Casualty on August 7, 2007 was Atlantic Casualty's first notice of the Incident.

15. The notice provided to Atlantic Casualty on August 7, 2007 was Atlantic Casualty's first notice of any potential claim by Casey against Northway or Siemann.

16. The notice provided to Atlantic Casualty on August 7, 2007 was Atlantic Casualty's first notice of the Underlying Lawsuit.

17. Atlantic Casualty performed an investigation into the circumstances of Mr. Casey's death, as well as Northway's and Siemann's notice of the Incident.

18. Joseph Casey died on June 14, 2006.

19. On July 31, 2006 one or more police detectives notified Northway of Joseph Casey's death.

20. On July 31, 2006 one or more police detectives notified Siemann of Joseph Casey's death.

21. On July 31, 2006, in connection with the investigation of Joseph Casey's death, one or more police detectives questioned Siemann about the work which he performed on Mr. Casey's hot tub.

22. On July 31, 2006, in connection with the investigation of Joseph Casey's death, one or more police detectives questioned Northway about the work which he performed on Mr. Casey's hot tub.

23. On July 31, 2006, Siemann became aware that the police were investigating a potential connection between his work on the hot tub and Mr. Casey's death.

24. On July 31, 2006, Northway became aware that the police were investigating a potential connection between Northway's work on the hot tub and Mr. Casey's death.

25. By letter dated August 27, 2007, Atlantic Casualty advised Northway and Siemann that there is no coverage under the Atlantic Casualty Policy for the Incident and the Underlying Lawsuit based on Northway and Seimann's breach of the notification provisions of the Atlantic Casualty Policy.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

27. Northway and/or Siemann failed to notify Atlantic Casualty of the Incident as soon as practicable.

28. Northway's and/or Siemann's failure to notify Atlantic Casualty of the Incident as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

29. As a result, there is no coverage for Northway and/or Siemann with respect to the Incident and Underlying Lawsuit under the Atlantic Casualty Policy.

30. Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Northway and/or Siemann with respect to the Incident and/or the Underlying Lawsuit under the Atlantic Casualty Policy.

31. As a result, a justiciable controversy exists between Atlantic Casualty and Northway and Siemann concerning the rights of each other under the terms and conditions of the Atlantic Casualty Policy.

32. Atlantic Casualty has no adequate remedy at law.

33. Atlantic Casualty, therefore, respectfully requests that this Court render a declaratory judgment, pursuant to CPLR §3001, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Northway and/or Siemann with respect to the Incident and Underlying Lawsuit under the Atlantic Casualty Policy.

## AS AND FOR A SECOND OF ACTION

34. Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

35. Northway and/or Siemann failed to notify Atlantic Casualty of any claim made by Casey and/or the Underlying Lawsuit as soon as practicable

36. Northway's and/or Siemann's failure to notify Atlantic Casualty of any claim made by Case and/or the Underlying Lawsuit as soon as practicable constitutes a breach of the conditions of the Atlantic Casualty Policy.

37. As a result, there is no coverage for Northway and/or Siemann with respect to the Incident and Underlying Lawsuit under the Atlantic Casualty Policy.

38. Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Northway and/or Siemann with respect to the Incident and/or the Underlying Lawsuit under the Atlantic Casualty Policy.

39. As a result, a justiciable controversy exists between Atlantic Casualty and Northway and Siemann concerning the rights of each other under the terms and conditions of the Atlantic Casualty Policy.

40. Atlantic Casualty has no adequate remedy at law.

41.     Atlantic Casualty, therefore, respectfully requests that this Court render a declaratory judgment, pursuant to CPLR §3001, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Northway and/or Siemann with respect to the Incident and Underlying Lawsuit under the Atlantic Casualty Policy.

**WHEREFORE**, Atlantic Casualty demands judgment on each cause of action, together with such other and further relief as this Court may deem just and proper.

Dated: November 1, 2007

                              MILBER, MAKRIS PLOUSADIS
                              & SEIDEN, LLP
                              *Attorneys for Plaintiff*

By: _____ DMK-2185
      Debra Miller Krebs
      1000 Woodbury Road – Suite 402
      Woodbury, New York 11797
      (516) 712-4000 / (201) 773-7000